<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALTURIK FRANCIS, <br><br> *Petitioner*, <br><br> v. <br><br> NEW JERSEY DEPARTMENT OF CORRECTIONS, JOSEPH R. HEATON, TINA CORTES, GIOVANNI ORTIZ, and VICTORIA KUHN, <br><br> *Respondents*. | Civil Action No. 25-13513 <br><br> **OPINION** <br><br> June 17, 2026 |

**SEMPER**, District Judge

     **THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 1-2, "Complaint," or "Compl."; ECF No. 4, "Motion" or "Mot.")  Plaintiff, proceeding *pro se*, filed an opposition, (ECF No. 9, "Opposition" or "Opp."), and Defendants submitted a reply.  (ECF No. 12, "Reply.")  The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

     This matter arises from an incident alleged to have occurred while Plaintiff, an incarcerated

---

[1] The facts and procedural history are drawn from the Complaint (Compl.) and documents integral to or relied upon by the Complaint, including Plaintiff's brief in opposition to Defendants' Motion (Opp.) and Defendants' brief in reply (Reply).  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  For the purposes of a motion to dismiss, the facts drawn from the

individual, was being transported to court.  (Compl. ¶3; Opp. at 8.)  Plaintiff alleges that Defendant

Giovanni Ortiz used excessive force against him after he refused to expose himself while

attempting to use a restroom, resulting in physical injury.  (*Id.*)

> While he was in the bathroom of the Union County Courthouse on
> April 29, 2024, Mr. Francis was savagely slammed to the ground
> and trumped up on a bogus assault charges because the Defendant
> wanted Mr. Francis to urinate with the Defendant standing there and
> watching him urinate.  Mr. Francis refused.
>
> A dislocated and fractured big toe, severely cut and bruised wrist,
> and almost three weeks of soreness to the body and jawbones, were
> the injuries Francis sustained as the direct and immediate
> consequence of Ortiz violently throwing him to the concrete floor.
>
> At the time Mr. Francis was attacked by Defendant Ortiz, he was in
> physical restraints.  His legs were shackled and his handcuffs were
> connected to a belly chain.  He was incapacitated from resisting or
> putting Ortiz in peril.  The belly chain that Francis's handcuffs were
> connected to kept his arms steady.  Simply put Plaintiff Francis was
> assaulted for refusing to urinate while the officer watched.  He was
> subjected to retaliation for his involvement in constitutionally
> protected activity.

(Compl. ¶¶ 3–5.)

Plaintiff further references a disciplinary proceeding and broadly asserts violations of his

constitutional rights, as well as the Prison Rape Elimination Act ("PREA").

> On April 30, 2024 Defendant Heaton served Francis with the bogus
> assault charge that Ortiz wrote.  Rather than thoroughly investigate
> and provide recourse when Francis complained that the reprisal in
> Paragraphs 10 through 12 befell him.  Heaton concurred that Francis
> assaulted Ortiz, and forwarded the charge to Defendant Cortes, to
> decide whether to convict or acquit.
>
> As Francis languished in the hole, Defendant Cortes postponed the
> disciplinary hearing on five separate occasions, May 2, 7, 10, 15, 20,
> and 29, 2024, to view the body-worn camera video of the incident.
> The video showed that Francis was in physical restraints, and it was

---

Complaint are accepted as true.  *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.
2009).

2

impossible under the law of nature for him to engage in the assaultive behavior that Ortiz described. In the video, Ortiz could be heard screaming "Stop resisting."

When the disciplinary hearing resumed on June 11, 2 024, Cortes downgraded the charge from assault to a refusing to obey a direct order. Her guilty verdict was predicated on Francis refusing to allow Ortiz to glance at his penis as he took a pee. She imposed the sanctions of 90 days loss of commutation time, 60 days in Restorative Housing Unit, and 60 days loss of JPay privileges.

Both the Prison Rape Elimination Act ("PREA") and the Zero Tolerance policy of the Department of corrections, classify the peering at an inmate who is about to perform bodily functions in a lavatory, as an invasion of privacy. Defendant Ortiz wanted to derive pleasure and gratification from observing Francis' genitals.

(*Id.* ¶¶ 6–9.)

The action was originally filed in the Superior Court of New Jersey and removed to this Court on July 18, 2025. (ECF No. 1.) Defendants include the New Jersey Department of Corrections ("NJDOC"), Commissioner Victoria Kuhn, Officer Tina Cortes, Officer Joseph Heaton, and Officer Giovanni Ortiz. (*See* Compl.)

Defendants move to dismiss all claims, arguing, *inter alia*, sovereign immunity, lack of personal involvement, failure to state a claim, and the absence of a private cause of action under the PREA. (*See generally* Mot.)

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring factual allegations sufficient to raise a right to relief above speculation). A court must accept all well-pleaded facts as true but need not credit legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (distinguishing factual allegations from conclusory assertions). Because Plaintiff proceeds *pro se*, the Court construes his pleadings

3

liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* pleadings are held to less stringent standards).

### III.    ANALYSIS

#### a.  Claims Against NJDOC and Official-Capacity Defendants

A liberal construction of Plaintiff's Complaint suggests he seeks relief under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") against the NJDOC and several NJDOC officials. (ECF 1-1; Compl. at 1-10); *see Haines*, 404 U.S. at 520-1. Defendants argue that these claims fail as a matter of law because the NJDOC, as an arm of the State, and the individual defendants in their official capacities are not "persons" amenable to suit under either statute. (Mot. at 10–12.)

Established precedent compels this conclusion. A state and its agencies are not "persons" amenable to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding states and state officials in official capacities are immune from § 1983 damages suits). The Third Circuit has consistently applied this principle. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (recognizing Eleventh Amendment immunity for state entities).

The same result obtains under the NJCRA, which is generally interpreted analogously to 42 U.S.C. § 1983. *See Tumpson v. Farina*, 95 A.3d 210, 223 (N.J. 2014) (directing courts to look to § 1983 jurisprudence). Because the NJDOC is an arm of the State of New Jersey, it is not a "person" amenable to suit under either 42 U.S.C. § 1983 or the NJCRA. Similarly, as explained below, Commissioner Kuhn and Defendants Cortes, Heaton, and Ortiz, insofar as they are sued in their official capacities, are not proper defendants under either statute. Accordingly, Plaintiff's 42 U.S.C. § 1983 and NJCRA claims against the NJDOC and against the individual defendants in

their official capacities are **DISMISSED** with prejudice.

### b. Section 1983 Claims Against Commissioner Kuhn, Officer Cortes, and Officer Heaton

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant's personal involvement in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676 (requiring individual liability based on personal conduct); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (requiring particularized allegations of participation or knowledge). Personal involvement may be shown through allegations of personal direction, actual participation, or knowledge and acquiescence, but such allegations must be pled with appropriate particularity. *Rode*, 845 F.2d at 1207.

The Complaint, even when construed liberally, fails to satisfy that standard. Plaintiff alleges no facts whatsoever concerning Commissioner Kuhn's involvement in the events at issue. As to Officers Cortes and Heaton, Plaintiff alleges only that one presided over a disciplinary hearing and another served a disciplinary charge. (Compl. ¶¶ 6-8; Mot. at 13.) Standing alone, such allegations do not plausibly establish either officer's involvement in Plaintiff's alleged constitutional violations. *See Rode*, 845 F.2d at 1207–08 (requiring allegations with appropriate particularity); *Iqbal*, 556 U.S. at 678 (rejecting "bald assertions").

In opposing dismissal, Plaintiff attempts to bolster these claims by asserting that Defendants were aware of his serious medical needs and acted with deliberate indifference thereto.

> The Defendants were well aware of the fact that Plaintiff had serious needs and were deliberately indifferent. In addition to damages for deliberate indifference, Plaintiff seeks damages for the physical and emotional injuries.

(Opp. at 14–15.)

Those allegations, however, do not appear in the Complaint. It is well established that, "a

complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Because the Complaint does not plausibly allege the personal involvement of Commissioner Kuhn, Officer Cortes, or Officer Heaton in any constitutional violation, the claims against those Defendants in their individual capacities are **DISMISSED** without prejudice.

### c. Eighth Amendment Claims Against Officer Ortiz

Liberally construing Plaintiff's allegations, the Court understands the Complaint to assert that Defendant Ortiz used physical force against Plaintiff while he was restrained after refusing to comply with an order to expose himself in a restroom setting. Plaintiff further alleges that he suffered injuries as a result of the encounter. (Compl. ¶¶ 3–5; Opp. at 8–9.)

At this stage of the proceedings, those allegations are sufficient to state a plausible Eighth Amendment excessive force claim. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that the core inquiry is whether force was applied to maintain discipline, or maliciously and sadistically to cause harm). Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, as the Court must on a motion to dismiss, Plaintiff has plausibly alleged that Ortiz used force for a purpose other than maintaining or restoring discipline. *See Twombly*, 550 U.S. at 555-56. Moreover, the absence of significant injury would not, by itself, defeat such a claim. *See Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (recognizing that even *de minimis* injuries may support excessive force claims).

Accordingly, the Motion to Dismiss is **DENIED** as to Plaintiff's excessive force claim against Defendant Ortiz in his individual capacity.

### d. Plaintiff's Request for Declaratory Judgment

The Court notes that Plaintiff's Opposition does not respond to Defendants' contention that his request for declaratory relief is not cognizable. (*See* Opp.; Mot. at 10–11.) Upon independent review, the Court concludes that Plaintiff has failed to state a claim for declaratory relief.

The Declaratory Judgment Act authorizes courts to declare the rights and legal relations of parties in cases presenting a live controversy warranting prospective relief. It does not provide a vehicle for obtaining a declaration that a defendant violated a plaintiff's rights in the past. *See Corliss v. O'Brien,* 200 F. App'x 80, 84 (3d Cir. 2006) (holding that declaratory judgment is not intended to declare past liability); *Pieczenik v. N.J. Dep't of Env't Prot.*, 715 F. App'x 205, 208 (3d Cir. 2017) (requiring a real and immediate threat of future injury).

Here, Plaintiff's request for declaratory relief is based on the same completed events that underlie his damages claims. He seeks a declaration that Defendants' past actions violated his constitutional rights, rather than prospective relief governing future conduct. Because the requested declaration would serve only to adjudicate the legality of past conduct, Plaintiff has failed to state a cognizable claim for declaratory relief. Accordingly, that claim is dismissed without prejudice.

### e. PREA Claims

To the extent Plaintiff seeks relief under the PREA, that claim fails as a matter of law. Plaintiff alleges that Defendant Ortiz improperly sought to observe his genitals while he was using a restroom, conduct that Plaintiff characterizes as an invasion of privacy prohibited by the PREA and NJDOC's "Zero Tolerance" policy. (Compl. ¶¶ 8–9.) Plaintiff further alleges that the disciplinary charges and sanctions that followed stemmed from his refusal to permit such observation. (*Id*. ¶¶ 6–8.) Even accepting those allegations as true for purposes of this Motion,

7

the PREA does not create a private right of action and therefore cannot serve as an independent basis for civil liability. Courts within this District have consistently held that the PREA creates no enforceable rights actionable under 42 U.S.C. § 1983 or otherwise. *See Walsh v. N.J. Dept. of Corrections*, No.17-2442, 2017 WL 3835666, at *3 (D.N.J. Aug. 31, 2017) ("The Court holds that Congress has not manifested any intent to create a new right enforceable under § 1983 on behalf of a prisoner under the PREA."); *see also Nestor v. Dir. of N.E. Region Bureau of Prisons*, No.11-4683, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012) (holding that a plaintiff may not assert a private cause of action under the PREA.).

Accordingly, to the extent the Complaint asserts a standalone claim under the PREA, that claim is **DISMISSED** with prejudice. This dismissal does not affect the Court's separate analysis of Plaintiff's constitutional claims arising from the same underlying events.

### f. Leave to Amend

Finally, the Court considers whether leave to amend should be granted. The Third Circuit has instructed that leave to amend should generally be permitted unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because Plaintiff is proceeding *pro se* and some of the deficiencies identified herein may be curable through amendment, the Court will permit Plaintiff to file an amended complaint with respect to the claims dismissed without prejudice, including the individual-capacity claims against Defendants Kuhn, Cortes and Heaton, and the request for and declaratory relief.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against NJDOC and official-capacity defendants are **DISMISSED WITH PREJUDICE**; Plaintiff's claims against Kuhn, Cortes, and Heaton (individual capacity) are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's PREA

claims are **DISMISSED WITH PREJUDICE**; Plaintiff's declaratory judgment claim is **DISMISSED WITHOUT PREJUDICE**; and the Motion is **DENIED** as to Plaintiff's § 1983 excessive force claim against Defendant Ortiz.

An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:        Clerk
cc:          Michael A. Hammer, U.S.M.J.
             Parties